IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONOR BRIAN FITZPATRICK,<br><br>Defendant. | No. 1:23-mj-67 |

**PROTECTIVE ORDER**

    This matter comes before the Court upon the Consent Motion of the United States and Defendant Conor Brian Fitzpatrick seeking a Protective Order (hereinafter, the "Order") pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a).  The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of third parties.

    The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

    1.    Certain materials to be disclosed by the government contain particularly sensitive information, including personal identifying and confidential information, such as dates of birth, social security numbers, physical addresses, or payment card numbers (hereinafter, "Sensitive Materials").  Where Sensitive Materials are produced electronically on disc or external drive, the government shall provide these items to defense counsel in a password protected format.  Although only the physical disc or drive (and not the individual electronic files) must be labeled "Sensitive Materials."

2.      The Sensitive Materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendant and defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with counsel's representation of the defendant in the defense of this criminal case, and for no other purpose without further order of this Court.

3.      Sensitive Materials shall be maintained in a secure manner at defense counsel's offices when they are not in use.

4.      In the first instance, disclosure of Sensitive Materials shall be limited to the defendant and defense counsel, as defined above.  If the defendant and defense counsel believes it necessary to disclose Sensitive Materials to additional parties—including but not limited to (a) persons providing expertise to defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure—defense counsel may make such a disclosure but must (a) provide the parties with a copy of this Order; and (b) obtain a certification from the parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of this Court.

5.      The defendant is permitted to inspect or review Sensitive Materials when meeting with the defendant's counsel without prior permission from this Court.  However, defense counsel or a designated and identified employee of defense counsel must be with the defendant at all times while the defendant is reviewing Sensitive Materials, unless otherwise authorized by

this Court.  The defendant cannot retain Sensitive Materials.

6. Defense counsel, the defendant, and authorized persons shall not copy or reproduce the Sensitive Materials except in order to provide copies of the Sensitive Materials for use in connection with this case by defense counsel and authorized persons.  Such copies and reproductions shall be treated in the same manner as the original materials.  Authorized persons may be shown copies of the Sensitive Materials as necessary to prepare the defense but may not retain copies other than for the purpose of assisting in the defense of the criminal case.

7. Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make containing personal identifying information of third parties, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

8. Before providing Sensitive Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9. A copy of this Order shall be kept with printed copies of the Sensitive Materials at all times.  An electronic copy of this Order shall be available for review on any database housing the Sensitive Materials.

10. Upon request of the government at the conclusion of all stages of this case, and to the extent consistent with the ethical responsibilities of defense counsel, the Sensitive Materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court.  The materials may be (1) destroyed or (2) returned to the government.  The Court may require a certification as to the disposition of any such materials.

11. To the extent any material unrelated to this criminal case is produced by the government to defense counsel by mistake, the government shall have the right to the return of

such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

12. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party that attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

13. Sensitive materials may not be left in the possession of witnesses, attorneys for witnesses, or any other unauthorized person. However, persons providing expertise to defense counsel to assist in the defense of the criminal case are authorized to review Sensitive Materials at their place of work. The persons providing expertise to defense counsel must ensure that the Sensitive Materials are not disclosed to unauthorized persons. Further, the persons providing expertise to defense counsel must also maintain the Sensitive Materials in a secure manner.

14. Absent prior permission from the Court, Sensitive Materials and the content of Sensitive Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern

District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

15. Nothing in this Order shall restrict use by the defense of Sensitive Materials during the defense's investigation of the allegations and preparation of the defendant's defenses or introduction as evidence at trial, except that with respect to the use of Sensitive Materials in trial exhibits, the defense is bound by Fed. R. Crim. P. 49.1 and this Protective Order.  The parties will confer prior to trial as to a mechanism for avoiding the unnecessary public disclosure of Sensitive Materials during a trial of this matter.

16. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

_____
The Honorable John F. Anderson
United States Magistrate Judge

Date: _____
       Alexandria, Virginia